IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | |
|---|---|
| SELECT SPECIALTY HOSPITAL AKRON, | CASE NO. 5:20-CV-02557-CEH |
| Plaintiff, | |
| v. | MAGISTRATE JUDGE CARMEN E. HENDERSON |
| COMMUNITY INSURANCE COMPANY, BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, HOMESITE GROUP INC., | **MEMORANDUM ORDER AND OPINION** |
| Defendants, | |

## I. Introduction

This matter is before the Court on Defendants Blue Cross and Blue Shield of Massachusetts, Inc.'s ("BCBSMA") and Homesite Group Inc.'s ("Homesite") motion to dismiss (ECF No. 8) and Defendant Community Insurance Company's ("CIC") motion for judgment on the pleadings[1] (ECF No. 12). Because Plaintiff Select Specialty Hospital's ("Select") claims are time barred, the Court GRANTS both motions.

## II. Background

Homesite employed Douglas Vaughn. (ECF No. 1-1 at 77). As part of his employment, Vaughn was a member of BCBSMA's Blue Care Elect Preferred Provider Plan ("the Plan"). (ECF

---

[1] CIC filed a motion to dismiss or, in the alternative, a motion for judgment on the pleadings. Because CIC filed answers to Select's complaints and engaged in discovery, the Court construes its motion as a motion for judgment on the pleadings and will refer to it as such. *See Cox v. Specialty Vehicle Sols., LLC*, 715 F. App'x 443, 446 (6th Cir. 2017).

No. 1-2). In relevant part, the Plan stated that Blue Cross and Blue Shield would reimburse an in-network health care provider directly but would reimburse the insured when an out-of-network health provider provided medical services. (ECF No. 1-2 at 81). The Plan also included several important provisions. First, the Plan included an assignment of benefits clause that read:

> You cannot assign any benefit or monies due from this health plan to any person, corporation, or other organization without *Blue Cross and Blue Shield's* written consent. Any assignment by you will be void. Assignment means the transfer of your rights to the benefits provided by this health plan to another person or organization. There is one exception. If Medicaid has already paid the health care provider, you can assign your benefits to Medicaid.

(ECF No. 1-2 at 77). Second, the Plan contained mandatory internal dispute-resolution procedures that require exhaustion before a claim may be litigated. (ECF No. 1-2 at 80, 84–91). Finally, the Plan had a contractual-limitations provision that required any legal action related to the Plan be brought "within two years after the cause of action arises." (ECF No. 1-2 at 80). The Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). (ECF No. 1-2 at 92).

On three different occasions in 2016, Select, an out of network provider, administered medically necessary services to Vaughn under the basis of emergency care treatment. (ECF No 1-1 at 59, 62, 65). On all three occasions, Vaughn's brother served as Vaughn's Guardian of the Estate and Person and signed a contract entitled "Consent to Admission and Treatment, Authorization to Release Information and Assignment of Insurance Benefits." (ECF No 1-1 at 88–98). Acting as an intermediary for BCBSMA, CIC communicated with Select and in a "written communication" and "supplanted" the Plan's assignment criteria. (ECF No. 13 at 7). Based on this communication, Select believed it had a valid assignment of Vaughn's insurance benefits. (ECF No. 13 at 6).

Each time medical services were provided, Select provided an "Assignment of Insurance Benefits" notice to CIC and BCBSMA along with the bill. (ECF No 1-1 at 61, 63, 66). The bills consisted of $24,005.90, $43,978.34, and $469,059.24, respectively. (ECF No 1-1 at 60, 63, 66). However, BCBSMA paid Vaughn instead of issuing payment directly to Select. (ECF No 1-1 at 60, 63, 67). Select never received payment for its services. (ECF No 1-1 at 61, 64, 67).

### III. Procedural Background

On February 25, 2020, Select brought an action against CIC and a John Doe Employee Benefit Plan in Summit County Court of Common Pleas. (ECF No. 1-1 at 1). CIC filed its answer on June 4, 2020. (ECF No. 1-1 at 32). Select filed an amended complaint on September 24, 2020, adding BCBSMA and Homesite as defendants. (ECF No. 1-1 at 57). Select alleged that defendants failed to honor the assignment agreement and owed Select $537,043.48 jointly and severally. (ECF No 1-1). CIC filed an answer on October 23, 2020. (ECF No. 1-1 at 103). CIC attached the Plan as an exhibit to its answer. (ECF No. 1-2). On November 13, 2020, defendants removed the action to federal court, stating the district court had federal question jurisdiction over the action. (ECF No. 1).

On December 21, 2020, BCBSMA and Homestead filed a motion to dismiss. (ECF No. 8). On, January 8, 2021, CIC filed a motion to dismiss, requesting to join BCBSMA's motion to dismiss or, alternatively, a motion for judgment on the pleadings. (ECF No. 12). Select responded to the first motion to dismiss on January 20, 2021 (ECF No. 13) and the second motion on February 4, 2021 (ECF No. 16). BCBSMA and Homesite filed a reply on February 23, 2021. (ECF No. 20). CIC filed a reply on February 24, 2021. (ECF No. 21). The parties consented to the undersigned's jurisdiction on November 5, 2021. (ECF No. 24).

### IV. Standard of Review

When considering a motion to dismiss, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded factual allegations as true, and examine[s] whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The motion may only be granted if the moving party is "clearly entitled to judgment." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Similarly, Federal Rule of Civil Procedure 12(c) permits parties to move for judgment on the pleadings after the pleadings are closed but within such time as not to delay trial. Fed. R. Civ. P. 12(c). When ruling on the motion, a court may consider only the facts contained in the pleadings. Fed. R. Civ. P. 12(d). Functionally, Rule 12(c) provides the same standard of review as a motion to dismiss. *Hitchcock v. Cumberland Univ. 403(b) DC Plan*, 851 F.3d 552, 558 (6th Cir. 2017).

V.    **Analysis**

BCBSMA and Homestead's motion to dismiss and CIC's motion for judgment on the pleadings make the same arguments. Defendants argue that Select failed to state a claim because: (1) Select lacks standing to bring its claims because the Plan prohibited assignment of rights; (2) Select's claim is untimely; and (3) Select failed to exhaust the administrative remedies required by the Plan. Select responds that: (1) Select has standing because CIC, acting as an agent of BCBSMA, accepted the assignment of benefits; (2) the time limitations should be tolled; and (3) the exhaustion of administrative remedies would have been futile.[2] Select also argues that

---

[2] Select filed the same response to both BCBSMA and Homestead's motion to dismiss and CIC's motion for judgment on the pleadings. Select also included a cover sheet in its response to

defendants converted their motion to dismiss into a motion for summary judgment because they attached the Plan to their motion to dismiss

### A. Defendants' Motions were not Converted into Motions for Summary Judgment

Select argues that defendants converted their motion to dismiss[3] into a motion for summary judgment because they attached the plan to their motion. As such, Select requests the "Administrative Record" that "may very well prove sets of facts that would support ERISA and State claims." (ECF No. 13 at 8). However, the Sixth Circuit has "taken a liberal view of what matters fall within the pleadings for purpose of Rule 12(b)(6)." *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001). Documents that a defendant attaches to the motion are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to its claim. *Id.* Reference to an ERISA "plan" in the complaint "is sufficient reference to the plan documents," if attached in the defendant's motion to dismiss for the court to consider the plan when ruling on the motion to dismiss. *Mathews v. ALC Partner, Inc.*, No. 08-cv-10636, 2009 WL 3837249, at *3 (E.D. Mich. Nov. 16, 2009) (citing *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997)).

Here, Select repeatedly referenced "the plan" in its complaint. Select alleged that "[t]he Defendants failed to issue payment to the Plaintiff contrary to the law and terms of the plan." (ECF No. 1-1 at 61, 64, 67). While mere reference to an ERISA plan would have been sufficient, the Plan is also clearly central to Select's claim. CIC attached the Plan to its answer to Select's Complaint. (ECF No. 1-2). Defendants referenced CIC's attachment and quoted various excerpts

---

CIC's motion, stating that CIC's motion to dismiss was inappropriate because it was submitted after CIC's answer to Select's complaints and some discovery.

[3] The Court notes that this argument only applies to BCBSMA and Homestead's motion to dismiss as the Court considered CIC's motion a motion for judgment on the pleadings. CIC attached the Plan to its answer. The Court can, therefore, consider the Plan as part of the pleadings. *See Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007).

of the Plan in its motion to dismiss. This is sufficient to avoid conversion to a motion to summary judgment. Moreover, once CIC attached the Plan to its answer, the Plan became part of the pleadings. *See Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007) ("[D]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." (citing Fed. R. Civ. P. 10(c)). The Court therefore concludes that it can consider the Plan without converting defendants' motion to dismiss as a motion for summary judgment.

### B. Select's Claims are Time Barred

While the parties argue about whether or not Select has standing to bring its claims, the Court will not address this argument because, assuming Select has standing to bring the claim, Select's claims are time barred. The Plan specifically states that claims "must" be brought "within two years after the cause of the action arises." (ECF No. 1-2 at 80). Select provided Vaughn medical services on various occasions between July 2016 and December 2016. Select did not bring its claim until February 25, 2020—well over the two-year limitations period. Select does not dispute that the limitations period has passed. Instead, in its response to the motion to dismiss, Select states in a heading that the "[t]ime limitations provisions should be tolled." (ECF No. 13 at 10). Within this section, Select argues that "[d]ue to Defendants act of denying the principle-agent relationship to accept an assignment of benefits, an exhaustion of administrative remedies and time limit provisions expressed in 'the plan' should be excused." (ECF No. 13 at 10). Select goes on to cite caselaw supporting its exhaustion argument but does not cite any caselaw to support why the time limitation should be tolled. In fact, Select provides no reason as to why Defendants' denial of their relationship prevented it from filing suit within the two-year limitations period. Thus, its assertion is insufficiently developed to merit consideration. "[I]ssues adverted to in a perfunctory

manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 996–97 (6th Cir. 1997) (alterations in original) (citations omitted). Accordingly, because Select does not deny that the two-year limitation period has passed and failed to provide any basis to toll the limitations period, the Court concludes that Select's claims are time barred.

## VI. Conclusion

For the forgoing reasons, the Court GRANTS Defendants Blue Cross and Blue Shield of Massachusetts, Inc.'s and Homesite Group Inc.'s motion to dismiss (ECF No. 8) and Defendant Community Insurance Company's motion for judgment on the pleadings (ECF No. 12).

IT IS SO ORDERED.

Dated: November 9, 2021

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE